IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

In re: :
  REGIONAL BUILDING SYSTEMS, : Bankruptcy No. 93-5-7521-JS
  INC. :

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
:
UNIVERSAL SUPPLIERS, INC. :

v. : Civil Action No. WMN-00-2555

REGIONAL BUILDING SYSTEMS, :
  INC.

### MEMORANDUM

    This is an appeal from the Bankruptcy Court's denial of Universal Suppliers, Inc.'s [Universal's] motion for amendment of judgment pursuant to Rule 59(e).  The judgment that Universal sought to amend was a summary judgment order sustaining an objection of the plan committee to the classification of Universal's claim as a secured claim.  Upon a review of the record and the applicable case law, the Court determines that no hearing is necessary (Bankruptcy Rule 8012) and that the decision of the Bankruptcy Court should be affirmed.

    Bankruptcy Judge S. Martin Teel, Jr. denied Universal's motion in an extremely thorough and well-reasoned memorandum opinion dated July 22, 2000.  <u>In re Regional Building Systems, Inc.</u>, 251 B.R. 274 (Bankr. D. Md. 2000).  The factual and procedural background for this dispute are carefully set out in that opinion and will not be repeated here.  Briefly stated,

Judge Teel held that under § 1141(c) of the Bankruptcy Code, a lien held by Universal was properly extinguished by the confirmation of Debtor Regional Building System, Inc.'s chapter 11 plan.  Universal asserts in this appeal, as it did in the proceedings below, that under the Fourth Circuit's decision in Cen-Pen Corporation v. Hanson, 58 F.3d 89 (4th Cir. 1995), a lien can only be extinguished in bankruptcy through the filing of an adversary proceeding.

Whether to grant a motion to amend judgment under Rule 59(e) is a matter of discretion and thus is reviewed under an abuse of discretion standard.  Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989).  Universal was seeking through its motion, however, to amend an order granting summary judgment.  Summary judgment was granted based upon the application of law to a set of undisputed facts.  This Court reviews the determination of an issue of law de novo.

This Court finds no error in the decision of the Bankruptcy Court.  As Judge Teel noted, Cen-Pen addressed the effect on creditors' liens of confirmation of a Chapter 13 plan under § 1327(c) of the Bankruptcy Code, not a Chapter 11 plan under § 1141(c).  There is a sound basis, both in the language of the two specific provisions and in the underlying purposes of the two different bankruptcy schemes, to conclude that Congress intended different approaches to lien extinguishment under the two

different schemes.  In this instance, it is undisputed that the property that was subject pre-confirmation to the lien was dealt with by the plan.  Thus, under § 1141(c), the lien was extinguished.[1]

This Court also finds no error in the Bankruptcy Court's conclusion that extinguishment of the lien through plan confirmation raises no due process concerns, particularly under the facts presented in this action.  Universal actively participated in the bankruptcy case, was a member of the creditor's committee, and had knowledge of its lien claim yet failed to assert that claim until seven months after the confirmation of the plan.  As Judge Teel noted, Universal "had clear notice that no provision was made for a lien to secure its claim, which carried with it the consequence that the lien would be extinguished under § 1141(c)."

Finding no error, this Court will affirm the decision of the

---

[1] Section 1141(c) provides:

> except as provided in subsections (d)(2) and (d)(3) of this section and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors. . . .

11 U.S.C. § 1141(c).

Bankruptcy Court.  A separate order will issue.

                                    _____
                                    William M. Nickerson
                                    United States District Judge

Dated: December 29, 2000.